# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ANNETTE CADET,

      Plaintiff,

v.

SNOQUALMIE POLICE DEPARTMENT,

      Defendant.

CASE NO. C19-1813RSL

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND

This matter comes before the Court on "Defendant's Rule 12 Motion to Dismiss." Dkt. # 7. Plaintiff alleges that "[o]n May 3, 2018 around 2 am, three police officers of King County, WA abused, assaulted and injured" plaintiff. Dkt. # 1-1 at 5. Based on these alleged facts, plaintiff asserts claims of assault, physical and emotional abuse, race discrimination, and "false accusation (violation of rights)" and seeks $100,000 in damages. Defendant filed a motion to dismiss all of plaintiff's claims. Plaintiff has not opposed the motion.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

ORDER GRANTING MOTION TO
DISMISS AND LEAVE TO AMEND
PAGE – 1

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013).

Having considered defendant's motion to dismiss and reading the allegations of the complaint in the light most favorable to plaintiff, the Court finds that the complaint is defective for the following reasons:

- The Snoqualmie Police Department, the only named defendant, is not an entity capable of being sued under Washington law.
- The bare allegations of the complaint are insufficient to raise a plausible inference that the conduct of the "three police officers" was wrongful or that they or the municipal entity that employs them could be liable to plaintiff. Police officers are privileged to use force in certain circumstances, and plaintiff has failed to allege facts from which one could reasonably infer that the officers acted with improper motive or used a level of force that was excessive.
- There is no indication that plaintiff complied with the statutory pre-filing notice requirements of RCW 4.92.100.

For all of the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff will, however, be given leave to amend her complaint to remedy the deficiencies identified in this Order. Plaintiff is hereby ORDERED to file on or before **May 18, 2020**, an amended complaint which (a) identifies either the officers involved in the incident and/or the municipality that employs them as defendants, (b) clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights, and (c) shows that she gave pre-filing notice of the

ORDER GRANTING MOTION TO
DISMISS AND LEAVE TO AMEND
PAGE – 2

claim required by RCW 4.92.100. The key to filing an acceptable amended complaint will be providing enough facts in support of each legal claim asserted that one could conclude that plaintiff's right to relief from each defendant is as least plausible. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief and shows that the statutory requirements are met will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, May 22, 2020.

Dated this 14th day of April, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge